**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-4925

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCUS DIXON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:08-cr-00032-1)

Submitted: March 30, 2009          Decided: April 17, 2009

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcus Dixon pled guilty to possession of fifty grams or more of crack cocaine. The district court determined that Dixon was accountable for 246 grams of crack cocaine, and that his advisory guideline range was 151 to 188 months imprisonment. The district court determined that Dixon's criminal history category overstated the seriousness of his past criminal activity, and departed downward and imposed a 140-month sentence. Dixon appeals, arguing that the district court erred by converting the $20,000 in cash which was found secreted in a loveseat in Dixon's bedroom to its crack cocaine equivalent. He also argues that the sentence imposed violated his substantive due process rights. For the reasons that follow, we affirm.

First, we find no clear error in the district court's determination that the currency found hidden in the loveseat was attributable to Dixon's drug trafficking activities. United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (providing standard). The $20,000 was packaged in a manner similar to that used by persons in the drug trade, it was hidden inside furniture, and it was implausible, given their income, that Dixon and his wife could save up that substantial sum "from their limited income with the expenses any normal family would have." While the district court did convert to crack the amount that Dixon's mother testified was given to Dixon from family

2

members, as the district court noted, even if this sum was not included in the amount converted to crack, Dixon's offense level would remain the same.  From our review of the evidence, we do not find any clear error by the district court in converting the currency found in Dixon's home to its cocaine base equivalent. See <u>United States Sentencing Guidelines Manual</u>, § 2D1.1, cmt. n.12 (2007); <u>United States v. Sampson</u>, 140 F.3d 585, 592 (4th Cir. 1998).

Second, Dixon claims that the sentencing disparity between powder cocaine and crack offenses violates due process. We find no such violation, either in the statute, or in the application of the Sentencing Guidelines.  <u>See</u> <u>United States v. Burgos</u>, 94 F.3d 849, 876-77 (4th Cir. 1996) (collecting cases).

Accordingly, we affirm Dixon's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>